IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT SOLIS, § | | |
| TDCJ #1129261, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-1011 |
| § | | (consolidated with No. H-11-1020) |
| RICK THALER, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

## ORDER OF CONSOLIDATION

State inmate Robert Solis (TDCJ #1129261) has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his conviction for aggravated kidnapping in Harris County cause number 906940. In a separate civil action, Solis filed a nearly identical petition to challenge a related conviction for aggravated assault in Harris County cause number 906939. *See Solis v. Thaler*, Civil No. H-11-1020 (S.D. Tex.). Solis raises nearly identical claims in each civil action. These civil actions will be consolidated for reasons set forth briefly below.

Where more than one judgment of conviction is challenged, Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts requires a petitioner to file separate petitions for habeas relief if those judgments come from "more than one state court[.]" The exhibits reflect that the aggravated kidnapping and aggravated assault charges against Solis in cause numbers 906939 and 906940 arose from the same transaction. As a

result, both cause numbers were tried together in the 338th District Court of Harris County, Texas. In a judgment entered on October 3, 2002, Solis received concurrent sentences of 20 years' imprisonment in each case. Thus, the judgments at issue were entered by the same state court. Those judgments were also affirmed in a joint appeal. *See Solis v. State*, No. 01-02-01069-CR, 01-02-01070-CR, 2004 WL 584701 (Tex. App. — Houston March 25, 2004).

Rule 42(a) of the Federal Rules of Civil Procedure provides that, if actions before the court involve "a common question of law or fact," then the court may "(1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Because the petitions filed in Civil Action No. H-11-1011 and Civil Action No. H-11-1020 involve similar claims and the same parties, this Court concludes that consolidation would avoid unnecessary costs or delay in the resolution of common issues of law and fact.

Accordingly, pursuant to Rule 42(a) and Rule 7.6 of the Local Rules for the United States District Court for the Southern District of Texas, it is **ORDERED** that the most recently filed case (Civil Action No. H-11-1020) is **CONSOLIDATED** with the "oldest case" (Civil Action No. H-11-1011).

The Clerk's Office is **ORDERED** to **CLOSE** Civil Action No. H-11-1020 for administrative purposes and to terminate all pending motions. The Clerk's Office shall further enter this order in both Civil Action No. H-11-1011 and Civil Action No. H-11-1020. All future pleadings shall be filed only in Civil Action No. H-11-1011.

The Clerk's Office will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on <u>March 23</u>, 2011.

_____
Nancy F. Atlas
United States District Judge